**Leydel WILLIS, Appellant,**

v.

**WATSON CHAPEL SCHOOL DISTRICT, Appellee,**

**Darryl Messer, President, Dr. Timothy Carter, Jim Johnson, George N. Mays, Levert Blunt, Jr., Individually and as Members of the Watson Chapel School District Board of Directors.**

**Leydel WILLIS, Appellee,**

v.

**WATSON CHAPEL SCHOOL DISTRICT, Appellant,**

**Darryl Messer, President, Dr. Timothy Carter, Jim Johnson, George N. Mays, Levert Blunt, Jr., Individually and as Members of the Watson Chapel School District Board of Directors.**

**Nos. 88–2868, 89–1012.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1989.

Decided April 2, 1990.

Jeremiah A. Collins, Washington, D.C., for appellant.

Michael J. Dennis, Pine Bluff, Ark., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, and BRIGHT, Senior Circuit Judges.

FAGG, Circuit Judge.

Watson Chapel School District (the School) and Leydel Willis both appeal from adverse decisions by the district court. 703 F.Supp. 1381 (E.D.Ark.1988). We affirm the district court's decision that the School intentionally discriminated against Willis because of her sex, but we reverse the court's ruling denying Willis back pay and front pay.

Leydel Willis has taught business education in the Watson Chapel School District for over twenty-five years. She is certified in Arkansas as a business and vocational education teacher and as a secondary school principal. Between 1983 and 1988, the School hired eight male administrators for its junior and senior high schools. Willis applied for all eight positions, and each time the School rejected her. The district court found the School refused to hire Willis because she was a woman, *see* 42 U.S.C. § 2000e–2 (1982), and ordered the School to appoint Willis to the next available secondary administrative position.

The School contends, however, the district court committed error by using disparate impact analysis to decide Willis's intentional discrimination claim. To support reversal of the district court, the School asks us to lift isolated passages from the court's opinion and read them out of context. This argument is without merit.

It is clear from the record that the district court applied the disparate treatment framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), made a factual inquiry into "which party's explanation of the [School's] motivation it believe[d]," *United States Postal Serv. Bd. v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983); *see also Henderson v. City of Mexico*, 798 F.2d 320, 322–23 (8th Cir.1986), and decided the School intentionally discriminated against Willis. *Craft v. Me-*

*tromedia, Inc.*, 766 F.2d 1205, 1211 (8th Cir.1985), *cert. denied*, 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986).

■ The district court observed that in four instances the superintendent "preferred a male without prior administrative experience over a female without prior administrative experience," and the superintendent credited the male candidates with "[ ]leadership,[ ]       [ ]ability,[ ]      and [ ]stability[ ]" even though their experiences and credentials were similar or inferior to Willis's. On another occasion, the superintendent told a school board member he was "le[e]ry of females" in the junior high principal position, but the superintendent later acknowledged Willis was better qualified than the man he recommended. The record amply supports the district court's determination that the reasons the School gave for failing to promote Willis were pretextual in at least four instances. In our view, the court's finding of intentional sex discrimination is not clearly erroneous. *Id.* at 1211–12.

■ Turning to Willis's appeal, she contends the district court committed error in failing to award her back pay and front pay. The court concluded that "[b]ecause of the numerous positions involved [ ] and the varying salaries of each position, it would be impossible to calculate compensatory damages." We disagree. Mere difficulty in calculating damages is not sufficient reason to deny relief. *See Kirby v. Colony Furniture Co.*, 613 F.2d 696, 699–700 (8th Cir.1980).

Although Willis was denied promotion to eight different positions, the School's salary scale should provide the district court with adequate guidance to calculate Willis's compensation. Any ambiguities in the amount of salary owed Willis should be resolved against the School. *Henry v. Lennox Indus.*, 768 F.2d 746, 753 (6th Cir. 1985); *Horn v. Duke Homes*, 755 F.2d 599, 607 (7th Cir.1985). We thus remand the case for computation of Willis's back and front pay award. Willis, of course, bears the burden of proving her pecuniary losses on remand. *See id.* at 606.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.